MOORE ET AL. v. INGRAM & CHAMBERS.

(No. 4197.)

LIEN — NOTICE.— *Held*, that it makes no difference whether deed is recorded or not where party had full notice.

APPEAL from Hill county. Opinion by WATTS, J.

STATEMENT.— Appellants James R. Moore and Octavia Moore, joined by her husband R. W. Moore, brought this

suit on a promissory note and for foreclosure of a vendor's lien. The facts are these: Ingram, September 27, 1871, executed two promissory notes to appellants; one due January 1, 1873, another due January 1, 1872, each for the same amount, for the part purchase money of a certain tract of land.

Appellants made deed to Ingram, in which a lien is retained by the vendors for the payment of notes, etc. Chambers procures the note first due and upon maturity sues Ingram upon the note, and, procuring a foreclosure, becomes the purchaser before note now sued on was due, and, without making appellants plaintiffs to the suit, claims full title to the land free from their lien. Held, the interest of R. W. Moore in the land, when conveyed by him to his wife, became her separate property. Peters *v.* Clements, 46 Tex., 115.

Appellee's counsel insist that he ought to hold the entire tract of land under his purchase because the deed from plaintiff to Ingram was not recorded, and because the deed does not accurately describe the second note as to date.

OPINION. — Held, it makes no difference, so far as Chambers is concerned, whether the deed was recorded or not, so as he had full notice of its contents. Held, the deed informed him that there was another purchase-money note outstanding, and it pointed him to the source from whence he could learn all about it, if he was not already fully informed. He did not make the holders of this second note parties to his purchase suit against Ingram; therefore their rights were not thereby affected. Byler *v.* Johnson, 45 Tex., 509; Preston *v.* Breedlove, id., 47; Cannon *v.* McDaniel, 46 Tex., 305.

The deed retaining an express lien on the land for the payment of the notes, superior title still remains in appellants. Compton *v.* Baker, 52 Tex., 252; Peters *v.* Clements, 46 Tex., 115.

In this case it makes no difference that the note is barred

by limitation. Chambers, being the holder of one of the notes and having purchased at the said sale, is entitled, upon payment of the other note and the interest, to a decree for the land. Should he not propose to do this, a decree should be entered ordering an undivided half interest in the land to be vested in each, appellants and appellee Chambers.

REVERSED AND REMANDED.